# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

JOSEPH-ABRAHAM:HARRIS, sui juris,

                                Plaintiff,

    v.
                                                    1:17-CV-261

JOSEPH-ABRAHAM HARRIS/                       (TJM/ATB)
YUSUF HARRIS, et al.,

                                Defendants.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

JOSEPH-ABRAHAM:HARRIS
Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

      The Clerk has sent to the court a civil rights complaint, filed by pro se plaintiff, Joseph-Abraham:Harris (Dkt. No. 1). Plaintiff has not paid the filing fee, nor has he filed a motion to proceed in forma pauperis ("IFP"). In such a case, generally, the court would administratively close the action until plaintiff had the opportunity to pay the filing fee or submit a proper IFP application. However, in this case a review of the complaint shows that it is frivolous, and the court would recommend dismissal whether plaintiff paid the filing fee or whether he applied to proceed IFP.[1]

      If plaintiff had filed a motion to proceed IFP, the court would first determine whether plaintiff met the financial criteria for proceeding without payment of fees.

---

[1] The court does note that one of plaintiff's "bases" for jurisdiction is 28 U.S.C. § 1916, which provides that "seamen" may initiate and prosecute suits and appeals in their own names for "wages or salvage or the enforcement of laws enacted for their health or safety" without the prepayment of fees or furnishing security therefor. Because plaintiff apparently contends that this is a maritime case and a suit in admiralty, he may assume that the section on "Seamen's suits" applies to him and that he may commence this action without payment of fees regardless of his financial status. As stated herein, the court need not resolve the filing fee issue because the complaint may be dismissed regardless of whether plaintiff pays the fee or proceeds without payment of fees.

However, in addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court would also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

Even if plaintiff had paid the filing fee, or assuming that plaintiff qualified for the Seamen's suit section of the law, the court has "inherent authority" to dismiss a frivolous complaint. *Fitzgerald v. First East Seventh Street Tenants*, 221 F.3d 362, 363-64 (2d Cir. 2000). *See also* 28 U.S.C. § 1915(e)(2) (notwithstanding any filing fee that may have been paid, the court may dismiss an action at any time if the action or appeal . . . is frivolous or malicious . . . or fails to state a claim upon which relief may be granted).

Fed. R. Civ. P. 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 does not require "detailed factual allegations," "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Houston v. Collerman*, No. 9:16-CV-1009, 2016 WL 6267968, at *2 (N.D.N.Y. Oct. 26, 2016) (citing *Ashcroft*, 556 U.S. at 678). A pleading that contains allegations that are "'so vague as to fail to give the defendants adequate notice of the claims against them' is subject to dismissal." *Id.* (citing *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009)). Because this court finds that plaintiff's complaint is frivolous, the court need not resolve the filing fee issue and will proceed to discuss the merits of plaintiff's action.

I.   **Complaint**[2]

Plaintiff has filed a "Verified Complaint in 'Rem' for Inforcement [sic] of Contract Rights and Choses in Action for Damages Relief." (Complaint ("Compl.") at 1) (Dkt. No. 1). Plaintiff has also labeled the action as a "Civil and Maritime" action.

---

[2] This court has read plaintiff's complaint carefully in an effort to decipher plaintiff's claims and determine whether he has any valid basis for bringing this action. Pro se pleadings should be interpreted liberally to raise the strongest arguments that they suggest. *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

(*Id.*)  Plaintiff also states that this is a "cause" sounding in "tort for deprivation of Liberty of contract, breach of contract, enforcement of contract rights, Quiet Title, subrogation for torts of conversion by tresspass [sic] to try title, tresspass [sic] de bonis, contribution, and claims for back wages founded upon maritime hypothication." (*Id.* at 1-2).

Plaintiff refers to himself as the "surety, trustee ex maleficio, indemnitee, Paramount Creditor, and Secured Creditor." (Compl. ¶ 13).  Plaintiff refers to the "defendant" as "the vessel, artificial contrivance, cestui que trust, principal debtor, judgment debtor, subrogor, purported grantor, indemnitor, and Debtor to Secured Creditor, known as JOSEPH ABRAHAM HARRIS, and/or YUSUF HARRIS . . . ." (Compl. ¶ 14).  Thus, plaintiff appears to be suing his own trust, which contains several items, including his criminal conviction. (Compl. ¶ 21).

Although plaintiff's complaint is filled with what he may believe to be meaningful legal terms, his complaint boils down to a claim that his criminal conviction and other documents are part of a trust, and that his conviction constitutes a "debt" to the State of New York which he is involuntarily paying for with his hard labor and services.  Plaintiff alleges that, without his consent, the defendant "trust" made plaintiff a "surety for the enforcement of an ultra vires implied-in-law contract" to "discharge" a purported debt, "compelling specific performance in invitum[3] services, manual, hard, hazardous and forced labor for a fiction of law, without providing plaintiff indemnification for said services and labor performed." (Compl. ¶ 15).  The "People of

---

[3] The term "in invitum" means "against a person's will or consent: by force of law irrespective of consent." https://www.merriam-webster.com/dictionary/in%20invitum. *See also* http://legal-dictionary.thefreedictionary.com/In+invitum.

4

the State of New York" are the defendant trust's "Grantee[s]" or "Judgment creditor[s]." (Compl. ¶ 17).  Through this "contract," plaintiff was "bound . . . to the performance of defendant's debt owed to defendant's purported grantee." (*Id.*)  Plaintiff states that he did not volunteer or agree to be a surety or to perform these "services and labor" to discharge the "defendant's debt . . . pursuant to any Law or Statute in the State of New York." (Compl. ¶ 20).

Plaintiff states that the defendant's grantee (the People of the State of New York) "is still to date illegally enforcing the defendant's purported debt," . . . and plaintiff also claims that the defendant trust has not provided plaintiff any "indemnification . . . for said services and labor performed to discharge its purported debt . . . ." (Compl. ¶ 23). Plaintiff alleges that defendant's grantee docketed plaintiff's conviction "under a constructive trust" in the "judgment books." (Compl. ¶ 21).  Plaintiff refers to "Arrest" numbers and "Criminal Justice Tracking," and states that the grantee's docketing occurred "on or about 02-28-89," coincidentally just before plaintiff was admitted to prison on March 3, 1989.[4]  Plaintiff essentially asks that he be paid for all the time that he has been incarcerated against his will, due to the "contract" entered into by his trust.

Plaintiff alleges that he has been denied due process by the failure of the subrogee to discharge the "purported default judgment," thus depriving plaintiff of liberty and property as a surety. (Compl. ¶ 46).  Plaintiff also alleges "Encroachment" because he has been denied the "full and complete use of certain property as expressed in his "Security Agreement." (Compl. ¶ 47).  Plaintiff also alleges "unlawful detention," but does not expressly request release from incarceration. (Compl. ¶ 48).  Plaintiff's

---

[4] http://nysdoccslookup.doccs.ny.gov.

causes of action include (1) Deprivation of Liberty of Contract (Compl. ¶¶ 15-25); (2) Breach of Contract and Quiet Title (Compl. ¶¶ 26-36); (3) Subrogation for Conversion and Contribution (Compl. ¶¶ 37-43); and (4) Breach of Contract in Admiralty Quiet Title (Compl. ¶¶ 44-51). Plaintiff is requesting a substantial amount of money.

Plaintiff has attached various exhibits in support of his complaint. (Pl.'s "Annexed A – Annexed C"). Plaintiff's exhibits include documents that have been filed with the "Surface Transportation Board," pursuant to the provisions of 49 U.S.C. § 11301 and 49 C.F.R. § 1177. (Annexed A & B). Section 11301 provides:

> **a)** A mortgage (other than a mortgage under chapter 313 of title 46), lease, equipment trust agreement, conditional sales agreement, or other instrument evidencing the mortgage, lease, conditional sale, or bailment of or security interest in vessels, railroad cars, locomotives, or other rolling stock, or accessories used on such railroad cars, locomotives, or other rolling stock (including superstructures and racks), intended for a use related to interstate commerce shall be filed with the Board in order to perfect the security interest that is the subject of such instrument.

49 U.S.C. § 11301(a). Included in plaintiff's exhibits are Uniform Commercial Code "Financing Statements," which list the debtor and secured party as plaintiff. (Annexed A at 16) (Dkt. No. 1-1). The "collateral" is a description of the plaintiff, including his birth certificate. He states this "collateral is "leined [sic] and claimed at a sum certain of $500,000,000.00." (*Id.*)

## II.   Jurisdiction

Plaintiff has brought this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 and has labeled the complaint as a "Verified Complaint

in Admiralty."[5]

### A. Fair Debt Collection

In order to state a claim under the FDCPA, the plaintiff must show that he has been the object of collection activity arising from "consumer debt," the defendant is a debt collector defined in the FDCPA, and that the defendant has engaged in an act or omission prohibited by the FDCPA. *Nath v. Select Portfolio Servicing, Inc.*, No. 15-CV-8183, 2017 WL 782914, at *11 (S.D.N.Y. Feb. 28, 2017) (citations omitted). A "debt collector" is defined in section 1692a(6) of the FDCPA as any person who uses any instrumentality of interstate commerce or the mails "in any business the principal purpose of which is the collection of any debts owed or due or asserted to be owed or due to another." The defendant in this case – plaintiff's trust – is clearly not a "debt collector" within the definition of the FDCPA because the trust is not a "business" whose principal purpose is collecting debts. Additionally, plaintiff is not referring to a "consumer debt." Thus, there is no jurisdiction under the statute.

### B. Admiralty

The federal court's admiralty jurisdiction "embraces two principal subjects – maritime contracts and maritime torts." *Maersk, Inc. v. Neewra, Inc.*, 687 F. Supp. 2d 300, 339 (S.D.N.Y. 2009) (citing *Berwind White Coal Mining Co. v. New York*, 135 F.2d 443, 446 (2d Cir. 1943)). In order to constitute a "maritime contract," the "true criterion is whether it has 'reference to maritime service or maritime transactions.'" *Norfolk Southern Railway, Co. v. Kirby*, 543 U.S. 14, 24 (2004). Plaintiff refers to the

---

[5] Plaintiff refers to the defendant trust as a "vessel." (Compl. at 2).

7

defendant "trust" as a "vessel" because it is what he calls an "artificial contrivance," under 1 U.S.C. § 3. This section provides as follows: "The word 'vessel' includes every description of *watercraft* or other artificial contrivance used, or capable of being used, *as a means of transportation on water*." *Id.* (emphasis added). There is no rational interpretation of the law that will support plaintiff's position, and plaintiff's claim that his "trust" is a vessel in order to obtain federal jurisdiction is both frivolous and malicious.

This is not the first time that an incarcerated plaintiff has somehow attempted to "extinguish" his criminal conviction or obtain money through the use of a "trust" or in this case "breach of contract" or admiralty theory. At least one district court has rejected very similar claims to those advanced by this plaintiff. In *Dickinson v. Granade*, No. 1:16-CV-0153, 2016 WL 3647181 at *11 (S.D. Ala. Jun. 1, 2016), *adopted by* 2016 WL 3637093 (S.D. Ala. Jun. 30, 2016), Dickinson attempted to commence a "private suit in equity" to be heard by a "Court of Chancery," in which he sought an "equitable remedy in the public sector" in the form of "enforcement of a private trust" or a "bill of equity." *Id.* at *4.

The beneficiary of the "trust" was plaintiff "David Lee Dickinson," and the subject of the trust was his federal criminal conviction. Id. at *4-5. Dickinson named as the defendant the district court judge who sentenced him on his federal criminal case,[6] and sought an order requiring the judge "to perform an extinguishment and a full accounting" of the criminal case in order to "settle, satisfy and discharge all debts,

---

[6] Here, plaintiff names his "trust" as a defendant and is asking for damages, but he is still challenging his alleged "debt" to New York State in the form of his criminal conviction.

8

liabilities, etc." held against him, a statement of equitable interest owed, and his immediate release from custody. Id. at *5.

The court in *Dickinson* also noted that "[t]he unclean hands doctrine proscribes equitable relief when . . . an individual's misconduct has 'immediate and necessary relation to the equity that he seeks." *Dickinson*, 2016 WL 3647181 at *10 (quoting *Henderson v. United States*, __ U.S. __, 135 S. Ct. 1780, 1783 n.1 (2015) (further citation and internal quotation marks omitted). The court dismissed the civil complaint, ruling that Dickinson's "theory of recovery" was not "cognizable, viable, clean, or, for that matter, particularly intelligible" because it was "readily apparent that a criminal judgment cannot be the 'res' of a trust intended to benefit the very person (plaintiff) whose misconduct resulted in imposition of the criminal judgment." *Id*.

The court in *Dickinson* also found that the plaintiff's "Bill in Equity" contained no statement of the grounds upon which federal jurisdiction was based. 2016 WL 3647181 at *11. Dickinson cited no federal statutes conferring jurisdiction, there was no basis for diversity jurisdiction,[7] nor did the "Bill in Equity" present a federal question. *Id.*

In this case, plaintiff's arguments also appear to be a variation of the claims, presented in courts around the country and dismissed as frivolous, that plaintiffs or petitioners may "discharge" their debt, i.e., a conviction, sentence or other basis for detention, under the UCC or other civil statutes and treaties. *See Carter v. Wands*, 431 F. App'x 628, 629 (10th Cir. 2011) (affirming dismissal of section 2241 petition

---

[7] Diversity jurisdiction, based upon 28 U.S.C. § 1332 requires that the plaintiff and defendants be citizens of different states and that there be at least $75,000 in controversy.

because "[n]either the U.C.C. nor any of the newly cited federal statutes provide a basis to challenge the conditions of [the petitioner's] imprisonment [.]"); *Chambers v. Wilson*, No. 1:15-CV-0646, 2016 WL 775779 at *6 (E.D. Va. Feb. 24, 2016) (federal prisoner's "claims grounded in commercial law and secured transactions, even if they exist, are not cognizable under § 2241."), *aff'd* No. 16-6398 (4th Cir. Oct. 4, 2016). *Williams v. Davenport*, No. 1:13-CV-0444, 2013 WL 3166060 at *7 (W.D. Mich. Jun. 20, 2013) ("The [UCC] regulates the law of sales and other commercial transactions. It is wholly irrelevant to a prisoner's claim of entitlement to release from prison in a habeas corpus proceeding. To the extent Plaintiff's habeas petition raised a claim under the UCC, therefore, it was frivolous."); *Blackwood v. Ziegler*, No. 5:11-CV-0608, 2012 WL 5304771 at *2 n.2 (S.D. W. Va. Aug. 15, 2012) ("The undersigned finds that Petitioner is not entitled to habeas relief based upon the UCC."), *adopted by* 2012 WL 5304767 (S.D. W. Va. Oct. 25, 2012); *Crawford v. U.S. Bureau of Prisons*, No. 5:10-CV-3108, 2010 WL 2671986 at *1 n. 4 (D. Kan. Jun. 30, 2010) (The UCC is not relevant to petitioner's federal conviction, and is not itself federal law."); *Diaz v. Diaz*, No. 7:09-CV-0017, 2009 WL 272870 at *1 (W.D. Va. Feb. 3, 2009) ("[T]o the extent that the present complaint seeks Diaz's release from custody based on civil financing documentation [filed under the Uniform Commercial Code], it will be dismissed as legally frivolous[.]"); *Hudson v. Michigan Dep't of Corrections*, No. 2:08-CV-208, 2009 WL 56759, at *7 (W.D. Mich. Jan. 8, 2008) (citing cases); *Figueroa Hernandez v. Figueroa Hernandez*, No. 7:08-CV-0498, 2008 WL 4533940 at *3 (W.D. Va. Oct. 7, 2008) ("The court simply finds no ground upon which an inmate may use civil

commercial statutes or admiralty jurisdiction to challenge the fact or length of his confinement."); *Clark v. Romanowski*, No. 1:07-CV-1061, 2008 WL 2757805 at *2 (W.D. Mich. Jul. 14, 2008 ) ("[P]rovisions of the UCC govern commercial transactions and are wholly inapplicable to criminal judgment[s] ordering restitution.").

While this plaintiff has attempted to use some different bases for jurisdiction in this action, and requests damages instead of release,[8] his claims are still meritless. This court finds that plaintiff's complaint is frivolous,[9] does not state a claim, and does not comply with Rule 8 of the Federal Rules of Civil Procedure.

## III. Opportunity to Amend

### A. Legal Standards

Generally, before the court dismisses a pro se complaint or any part of the complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at

---

[8] The court does note that in his "Count Four" Breach of Contract in Admiralty claim, plaintiff states that he is also the subject of "Unlawful Detention." (Compl. ¶ 48). The court would also point out that the plaintiff in *Figueroa-Hernandez, supra* also sued himself as a "trust" or a "Defendant in Rem." 2008 WL 4533940 at *1. The court dismissed the action as frivolous. *Id.* at *1-3.

[9] The court has not outlined every fact as alleged by the plaintiff because most of the paragraphs in plaintiff's complaint are a tangle of legal terms and assertions that do not comply with Rule 8. However, the court does note that plaintiff's first "contract" was "mutually assented to and entered into nunc pro tunc the 20th day of February, 1961," which happens to be the date of plaintiff's birth. Plaintiff claims that he has filed a "security agreement" with the Surface Transportation Board. (Compl. ¶ 34). While incredibly, the Surface Transportation Board filed documents submitted by plaintiff, (Pl.'s Annexed A at 1), which are entitled "Security Agreement Non-Negotiable," the debtor is plaintiff's "trust" and the secured party is the plaintiff. (Dkt. No. 1-1 at 4). The forms contain unspecified "collateral" and refer to "proceeds products acounts, and fixtures from crops, mine head, wellhead with transmitting utilities." (*Id.*) There is also a description of items, including "fingerprints, footprints, palm prints, thumb prints, RNA material, DNA materials, blood and blood fractions, . . . ." (Dkt. No. 1-1 at 7). Another page contains a list of items, including "all rights to marry and procreate children . . . without any requirement to apply for or obtain any government license, permit, certificate, or permission of any kind . . . ." (*Id.* at 8). The "security agreement" goes on to list many other "items," but clearly the "filing" by the Surface Transportation Board was not what was intended by the statute cited above.

11

least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

### B. Application

Plaintiff's complaint is completely frivolous, and based on the above analysis, this court finds that no attempt to amend the complaint will result in a viable claim. Thus, the court will recommend dismissal with prejudice and without opportunity to amend.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the complaint be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Dated: March 9, 2017

_Andrew T. Baxter_
Hon. Andrew T. Baxter
U.S. Magistrate Judge