**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**YUSUF HARRIS,**
**a.k.a. JOSEPH ABRAHAM HARRIS,**

                                    **Plaintiff,**

        **vs.**                                                    **1:17-CV-261**

**YUSUF HARRIS,**
**a.k.a. JOSEPH ABRAHAM HARRIS,**

                                    **Defendant.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**


### DECISION & ORDER

This *pro se* civil action, brought pursuant to 15 U.S.C. § 1692, 28 U.S.C. §§ 1333

and 1916, and 42 U.S.C. § 1983, was referred to the Hon. Andrew T. Baxter, United

States Magistrate Judge, for a Report-Recommendation pursuant to 28 U.S.C. § 636(b)

and Local Rule 72.3(c).

The Report-Recommendation, dated March 9, 2017, recommended that Plaintiff's

complaint be dismissed in its entirety with prejudice as frivolous and for failure to state a

claim upon which relief could be granted.  Plaintiff filed timely objections to the Report-

Recommendation, essentially raising the same arguments presented to the Magistrate

Judge.

When objections to a magistrate judge's Report-Recommendation are lodged, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1). After such a review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

Having reviewed the record *de novo* and having considered the issues raised in the Plaintiff's objections, the Court has determined to accept and adopt the recommendation of Magistrate Judge Baxter for the reasons stated in the Report-Recommendation.

Plaintiff's objections also appear to contain a request for leave to file a complaint naming Magistrate Judge Baxter and the President of the United States in the United States District Court for the District of Columbia "for the tort of [their] employee breach of duty [sic]." The Court interprets that request as a motion for leave to amend the Complaint.

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." Branum v. Clark, 927 F.2d 698, 704-05 (2nd Cir. 1991); see also Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); see also Mathon v. Marine Midland Bank, N.A., 875 F. Supp. 986, 1003 (E.D.N.Y. 1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's]

causes of action is substantive" such that "better pleading will not cure it." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2nd Cir. 2000); see also Cortec Indus. Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2nd Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claims, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2nd Cir. 1993); accord, Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997).

The Court will deny the motion for leave to amend. Better pleading would not cure the deficiencies in Plaintiff's pleading, which are fundamental, as explained in the Magistrate Judge's Report-Recommendation. Moreover, Plaintiff has not described any cause of action that could be brought against either Magistrate Judge Baxter or the President, but has instead simply offered a claim that sounds vaguely legalistic but is purely gibberish. Finally, this Court can hardly permit amendment to craft a pleading that Plaintiff hopes to file in another federal district court.

Therefore, the Plaintiff's objections to the Report-Recommendation of Magistrate Judge Baxter, Dkt. # 5, are hereby **OVERRULED**. The Report-Recommendation, Dkt. # 2, is hereby **ADOPTED**; and:

1. Plaintiff's complaint is **DISMISSED** with prejudice; and

2. Plaintiff's motion for leave to amend is **DENIED**.

**IT IS SO ORDERED.**

DATED:   June 16, 2017

Thomas J. McAvoy
Senior, U.S. District Judge

3